# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. 10-00166-CR-W-DGK |
| ) | |
| v. ) | |
| ) | |
| GIOVANI CRISOLIS-GONZALEZ, ) | |
| ) | |
| Defendant. ) | |

## ORDER DIRECTING ADDITIONAL BRIEFING

In the course of conducting its deliberations, the Court observed what may be a fatal defect in Count Three of the Second Superseding Indictment ('the Indictment") which could deprive the Court of jurisdiction to hear this case. Consequently, the Court orders the Government to submit additional briefing (1) explaining why Count Three does not contain a fatal defect, and if it does not; (2) identify what crime it does sufficiently charge, and specify the elements of that crime. In the alternative, the Government may dismiss Count Three.

It is axiomatic that an indictment must allege every element of the crime charged. *Almendarez-Torres v. United States*, 523 U.S. 224, 228 (1998); *United States v. Denmon*, 483 F.2d 1093, 1095 (8th Cir. 1973). Any conviction based on an indictment that does not set forth all the essential elements of the crime charged "is fatally defective." *Denmon*, 483 F.2d at 1095. Although Rule 12(b) requires that most objections to an indictment or information must be raised by the defendant's motion prior to trial, or the objection is waived, an objection that the indictment fails to allege an essential element of the offense is jurisdictional and may be raised at any time. Fed. R. Crim. P. 12(b)(3)(B); *see United States v. Carter*, 270 F.3d 731, 736 (8th Cir. 2001); *United States v. Camp*, 541 F.2d 737, 741 (8th Cir. 1976).

Count Three states as follows:

> On May 14, 2010, said date being approximate, in the Western District of Missouri, the defendant, Giovani Crisolis-Gonzalez, did knowingly *carry* a firearm, that is, a Hi-Point Firearms model JHP 45 ACP pistol, serial number X4110770, *in furtherance of* a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, possession with intent to distribute more than fifty (50) grams of methamphetamine, a Schedule II Controlled Substance, as alleged in Count Two of this Indictment, contrary to the provisions of Title 18, United States Code, Section 924(c)(1)(A).

The Indictment (doc. 100) at 2 (emphasis added). The statute referenced in Count Three, however, reads as follows:

> . . . any person who, *during and in relation to any crime of violence or drug trafficking crime* (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, *uses or carries a firearm*, **or** who, *in furtherance of any such crime*, *possesses a firearm*, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime . . .

18 U.S.C. § 924(c)(1)(A) (emphasis added). As the Eighth Circuit Court of Appeals has noted, "In this section Congress specified the elements for two distinct crimes connecting guns with either crimes of violence or drug trafficking: (1) *using or carrying* a firearm *during and in relation to* the underlying crime, and (2) *possessing* a firearm *in furtherance of* the underlying crime." *United States v. Brown*, 560 F.3d 754, 766-67 (8th Cir. 2009) (emphasis in original); *United States v. Gamboa*, 439 F.3d 796, 810 (8th Cir. 2006) (embracing the Sixth Circuit's conclusion that the two violations outlined in the statute are "separate criminal offenses"); *United States v. Combs*, 369 F.3d 925, 930-33 (6th Cir. 2004) (undertaking exhaustive analysis and holding § 924(c) criminalizes two separate offenses); *contra United States v. Arreola*, 467 F.3d 1153, 1161 (9th Cir. 2006).

The elements of possessing a firearm in furtherance of a crime of violence or drug trafficking offense are: (1) the defendant committed a crime of violence or a drug trafficking crime; and (2) the defendant knowingly possessed a firearm (3) in furtherance of that crime. 18 U.S.C. § 924(c)(1)(A); Manual of Model Criminal Jury Instructions for the District Courts of the Eighth Circuit 6.18.924, Notes on Use (2011). The elements of the similar, but separate, offense of carrying a firearm during and in relation to a crime of violence or drug trafficking offense are different. They are: (1) the defendant committed a crime of violence or a drug trafficking crime; and (2) the defendant knowingly carried a firearm (3) during and in relation to that crime. 18 U.S.C. § 924(c)(1)(A); Manual of Model Criminal Jury Instructions for the District Courts of the Eighth Circuit 6.18.924, Notes on Use (2011).

Here, however, it appears that the Government has inadvertently mixed and matched the elements of the two separate crimes enumerated in § 924(c)(1)(A). Instead of knowingly possessing in furtherance of a crime, or carrying during and in relation to a crime, the Indictment alleges a hybrid § 924(c)(1)(A) crime, "carrying a firearm in furtherance of a crime of violence or a drug trafficking crime," which appears problematic for the Government's case on Count Three.

Consequently, the Court orders the Government to submit additional briefing (1) explaining why Count Three does not contain a fatal defect, and if it does not; (2) identify what crime it does sufficiently charge, and specify the elements of that crime. This brief shall be submitted on or before March 1, 2012, and shall not exceed ten pages. In the alternative to submitting a brief, the Government may dismiss Count Three.

If the Government submits a brief, Defendant shall have fourteen days to submit a brief in response that does not exceed ten pages. If Defendant submits a response, the Government shall have seven days to submit a reply that does not exceed five pages.

**IT IS SO ORDERED.**

Dated: February 16, 2012                    /s/ Greg Kays
                                            GREG KAYS,
                                            UNITED STATES DISTRICT JUDGE

4